UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TOMMIE MCGILL and CORINE MCGILL | * | CIVIL ACTION NO. 07-4025 |
| | * | |
| VERSUS | * | SECTION "N" |
| | * | |
| REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY | * | MAGISTRATE (4) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# ORDER AND REASONS

Before the Court is the Motion for Partial Summary Judgment by Defendant Republic Fire and Casualty Insurance Company (hereinafter, "Republic"). The motion requests that the Court grant summary judgment as to Plaintiffs' Tommie and Corine McGill's claims under Coverages C (personal property) and D (additional living expenses) of their property insurance policy with Republic. After considering the parties' memoranda and the applicable law, the Court rules as set forth herein.

**I. BACKGROUND**

Plaintiffs Tommie and Corinne McGill owned 2006 Mazant Street in New Orleans at the time Hurricanes Katrina and Rita came ashore in August and September of 2005. The McGillls made a claim under their Republic-issued homeowner's policy, stating that the house and its

1

contents were a total loss and arguing that the loss in both cases was caused by wind-driven rain that entered the house after the roof partially collapsed and the walls of the home were penetrated by flying objects. Republic made payments of $22,473.58 for the dwelling and $671.59 for other structures, which the McGills claim is deficient in both instances, for a total dwelling loss deficiency of slightly more than $250,000. They also make a claim of $11,600 for additional living expenses incurred after the hurricanes, and for statutory penalties and fees under LA. REV. STAT. §§ 22:658 and 22:1220 for failure to promptly adjust and pay the loss. The instant suit was filed on August 8, 2007.

## II. ANALYSIS

**A.** *Standard for Summary Judgment*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof

at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence ." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B.** *Motion for Partial Summary Judgment as to Coverage C*

Plaintiffs bear the burden at trial of proving that their loss is attributable to wind-driven rain or other covered perils, and not an excluded peril such as flood. *See Ferguson v. State Farm*

*Ins. Co.*, 2007 WL 1378507 (E.D. La. 2007), at 3; *see also Broussard v. State Farm Fire & Cas. Co.*, 2007 WL 2264535 (E.D. La.); *Perrien v. State Farm Ins. Co.*, 2008 WL 2705455 (E.D. La.); *Hyatt v. State Farm Ins. Co.*, 2008 WL 544182 (E.D. La.); *Wineski v. Aegis Security Ins. Co.*, 2008 WL 544544 (E.D. La.). On summary judgment, Defendants argue that Plaintiffs cannot testify as to the cause of their loss, nor have they produced an admissible expert report showing the cause of the loss, and that as such they have offered no evidence from which a reasonable factfinder could find that their loss was caused by a covered peril. *See* Mot. at 4-5 (Rec. Doc. 12).. Plaintiffs respond by citing a portion of the "Proof of Loss Narrative" from independent adjustor Max Johnson, which notes that wind-driven rain entered through the roof and the windows and doors of the house "long before any flood waters entered the dwelling." Def.'s Mot. in Limine, Ex. A at 1 (Rec. Doc. 27).

    Sharp eyes will note the above citation to the *Defendant's* motion, since Plaintiffs inexplicably failed to attach the Proof of Loss Narrative to their opposition and then failed to seek leave to supplement the record once the Defendant noted the missing Narrative in its reply. Nor did the Plaintiff support the Narrative in any way, such as by affidavit or by appending materials that would tend to show Johnson's qualifications as an expert. In fact, the Court is only able to consider the Narrative because Defendant eventually attached it to a motion in limine to exclude Johnson's testimony, which is pending at this time. After reviewing the Proof of Loss

Narrative provided by the Defendant, the Court concludes that it does not suffice to meet Plaintiff's Rule 56 burden on this issue. "It has long been settled law that a plaintiff must respond to an adequate motion for summary judgment with admissible evidence." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 n.19, 160 (1970)). Plaintiffs need not rely solely on affidavits or depositions to support assertions in their briefs; any of the documents listed in FED. R. CIV. P. 56(c) would suffice. *Id.* at 192. But an unsworn, unsupported document does not create a genuine fact issue that precludes summary judgment. *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment."). Nor is there any evidence indicating that Plaintiff has met the requirements of FED. R. CIV. P. 26 in qualifying Johnson as an expert witness, which might tend to support the narrative even in the absence of an affidavit. Taken together, these omissions suggest that Plaintiff simply has not met Rule 56's requirement that summary judgment be opposed with competent evidence that would be admissible at trial.[1]

**C.** *Motion for Partial Summary Judgment as to Coverage D*

Defendant also argues that Plaintiff has not produced any evidence in support of its claim

---

[1] Defendant's Motion in Limine to exclude Johnson's testimony (Rec. Doc. 27) is presently pending before this Court. The Court wishes to clarify that today's ruling on the motion for partial summary judgment is not to be interpreted as in any way disposing of that motion in limine.

for three years of additional living expenses. Mot. at 5-6.[2] Plaintiffs point to deposition testimony stating that they were charged $400 per month in rent by a family member, and suggest that even in the absence of receipts for the payment of such rent, such testimony creates a genuine issue of fact as to the claim for additional living expenses. This argument misstates the kind of evidence that is necessary to support a claim for additional living expenses. A provision in an insurance contract regarding the payment of additional living expenses is to be enforced when clear and unambiguous, and to be given a fair and reasonable construction compatible with the plain intent of the parties. *Carlyon v. Aetna Cas. & Surety Co.*, 413 So.2d 1355, 1357 (La. App. 1982). In the instant case, the policy covers "...any necessary *increase* in living expenses incurred by you [the policyholder] so that your household can maintain its normal standard of living." Mot. Ex. 1, at 3 (emphasis added). Thus, to prevail on a motion for summary judgment as to deficiency in payments for additional living expenses, a Plaintiff cannot simply point to living expenses, but must show evidence of additional expenses beyond the norm for his standard of living. That is, he has to show his normal, baseline costs, and then expenses *beyond that baseline*. Plaintiffs have completely failed to offer any evidence of their baseline costs and point to no evidence that

---

[2] Plaintiffs argue in their opposition that they incurred $14,400 in additional living expenses after the hurricanes ($400 per month for three years 2005-2008), of which Republic paid $2,800, leaving a deficiency of $11,600. Opp. at 7.

$400 per month is in excess of their normal housing costs.[3]

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that Defendant's **Motion for Partial Summary Judgment (Rec. Doc. 12)** is hereby **GRANTED**.

New Orleans, Louisiana, this 28th day of October 2008.

                                              KURT D. ENGELHARDT
                                              United States District Judge

---

[3] Additionally, as noted by Defendant, there is evidence in the record suggesting that Plaintiffs did not live in a family member's home for the three years 2005-2008, but purchased their own home in Mississippi in April of 2006, with the intent of living there, and in fact did live there from that date. *See* Reply Mem., Ex. A at 11-19 (Tommie McGill deposition); Ex. A-3 (declaration of intent to live in Mississippi).