UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMMIE MCGILL and<br>CORINE MCGILL | CIVIL ACTION |
| VERSUS | NO. 07-4025 |
| REPUBLIC FIRE AND CASUALTY<br>INSURANCE COMPANY | SECTION "N"  (4) |

**ORDER AND REASONS**

Before the Court are a number of motions in limine to exclude various exhibits and other testimony. All of these motions are opposed. After considering the memoranda and the applicable law, the Court rules as contained herein

**I. Testimony of Max Johnson (Rec. Doc 27)**

The motion is **GRANTED IN PART** as to Johnson testifying as an expert, since his expert report was not timely disclosed under Rule 26 and Defendant has been prejudiced by this failure. Additionally, the report does not qualify as an expert opinion regardless, since it does not explain the basis and methodology underlying the conclusions therein. The motion is **DENIED IN PART** to the extent that Johnson can testify as to what he observed during his inspection of the property and to his estimated cost of repair. He cannot testify as to causation issues, meteorological issues, nor offer an assessment as to the value of the home at the time of

Hurricane Katrina.

**II. Testimony as to Actual Cash Value (Rec. Doc. 31)**

Mr. Johnson is not qualified as an expert in accounting or depreciation–or indeed, in any such field–and cannot provide expert testimony as to actual cash value at the time of the loss, and thus the motion is **GRANTED**.

**III. Determine Flood Insurance Credit (Rec. Doc. 26)**

Insurance contracts are contracts of indemnity; as such an insured is barred from recovering twice for the same loss. *See, e .g*., *Lambert v. State Farm Fire and Cas. Co.*, 2008 WL 2185419, at *2 (E.D. La. May 20, 2008) (Africk, J.); *Wellmeyer v. Allstate Ins. Co.*, 2007 WL 1235042, at *2 (E.D. La. April 26, 2007) (Feldman, J.); *Weiss v. Allstate Ins. Co.*, 2007 891869, at *3 (E.D. La. Mar. 21, 2007) (Vance, J.); *Cole v. Celotex Corp.*, 599 So.2d 1058, 1080 (La. 1992). However, "a plaintiff whose property sustains damage from flood and wind can clearly recover for his segregable wind and flood damages except to the extent that he seeks to recover twice for the same loss." *Esposito v. Allstate Ins. Co.*, 2007 WL 1125761, at *2 (E.D. La. April 16, 2007), citing *Weiss*, 2007 WL 891869, at *2. Therefore, plaintiffs are entitled to recover "any previously uncompensated losses that are covered by the homeowner's policy and when *combined with [their] flood proceeds* do not exceed the value of the property." *Id.* Thus, evidence of payments to Plaintiffs for flood loss is relevant and admissible. In this case, it is undisputed that Plaintiffs have received $44,000 in flood loss payments by Fidelity National Property & Casualty Insurance Company, and thus the motion is **GRANTED**. The jury will be instructed as to this amount.

**IV. Evidence of Replacement Cost Value (Rec. Doc. 25)**

2

Defendant argues that under the policy, Plaintiff cannot recover replacement cost value until such time as "actual repair or replacement is complete," and alleges that no repairs have been made to the property in question. Mot. at 4. Be that as it may, under the terms of the policy Republic must pay in cases of proven loss the actual cash value of that loss, which under Louisiana law is the replacement value minus depreciation. *Real Asset Management Inc. v. Lloyd's of London*, 61 F.3d 1223 (5th Cir.1995). Thus, replacement value is relevant to determining the extent of loss in this case, and this testimony is relevant and admissible. The motion is **DENIED**.

**V. Evidence of Recovery of Insurance Proceeds Under Coverages B, C, and D (Rec. Doc. 24)**

In light of the Court's ruling on Republic's summary judgment motion as to Coverages C and D, the motion is **GRANTED**. Since Plaintiffs have not timely provided Defendant the evidence upon which they rely in asserting a claim under Coverage B (other structures), and indeed as late as in their opposition to this motion fail to reveal any evidence in support of their claim for other structures damages, the motion is **GRANTED**.

**VI. Objections to Plaintiff's Exhibits (Rec. Doc. 33)**

(1) <u>Damage Estimate Report</u>: Though Johnson may testify subject to the limitations expressed above, the report itself is inadmissible hearsay, and the motion is **GRANTED**.

(2) <u>Summary Total Loss Recap</u>: The Summary Total Loss Recap contains information and estimates as to losses claimed under Coverages C and D. Given the Court's ruling on Republic's motion for summary judgment as to those issues, that information (which comprises the majority of this exhibit) is irrelevant. Additionally, that information in the exhibit that is relevant is merely repetitive of testimony that Johnson will offer. Thus, the entire exhibit is

excluded under Federal Rule of Evidence 403 and the motion is **GRANTED**.

(3) Proof of Loss Narrative: **GRANTED** for the reasons given above in the ruling regarding Johnson's testimony.

(4) Photographs: These photographs were not provided to the Defendant until the pre-trial conference on October 23, 2008. This is well after discovery closed in this case and Defendant has been prejudiced in its ability to investigate the evidence, and therefore the motion is **GRANTED**.

(5) Contents Checklist: In light of the Court's ruling on the earlier summary judgment motion, the motion is **GRANTED**.

**VII. Exclude Defendant's Experts (Rec. Doc. 38)**

Plaintiffs argue that Defendant failed to timely produce the required Rule 26 disclosures concerning its proposed expert, Stephen Guidry. Finding this to be so and upon a showing that Plaintiffs have been prejudiced by this failure, the motion is hereby **GRANTED**.[1]

New Orleans, Louisiana, this 30th day of October, 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff filed a motion in limine that was rejected by the Clerk for deficient filing. *See* Rec. Doc. 39. Thus, the motion is not before the Court.